# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

  v.                                                  Case No. 12-CR-217

**BUCKIE E. REHWINKEL,**
      **Defendant.**

## DECISION AND ORDER

On June 30, 2014, Judge Clevert sentenced defendant Buckie Rehwinkel to 94 months in prison on drug charges. The judgment includes recommendations that defendant participate in the 500 hour drug treatment program and that he be designated to a facility close to his home. (R. 229 at 2.) On November 16, 2017, defendant filed a motion for a judicial recommendation to the Bureau of Prisons that he receive 9 months of residential reentry center ("RRC") placement pursuant to 18 U.S.C. § 3624(c). (R. 360 at 1.) Defendant indicates that he is not seeking to amend the sentence or correct the judgment under Federal Rules of Criminal Procedure 35 and 36. Rather, he asks the court to consider his conduct and programming in making a post-sentencing recommendation for RRC placement. (R. 360 at 3.) He states that he has never received an incident report, details the programming he has completed, and indicates that RRC placement will give him a leg up before starting his term of supervised release. (R. 360 at 3-4.)

The matter was reassigned to me due to Judge Clevert's retirement, and I ordered the government to respond. Specifically, I directed the government to address whether the court has jurisdiction to make such a recommendation and whether, assuming it does, the court

should make a recommendation in this case. (R. 361 at 3.) The government responded in opposition to the request (R. 362), and defendant filed a reply (R. 365). I now deny the motion.

**I.**

Section 3624(c)(1) provides:

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

In deciding such placement, the BOP considers a variety of factors, including "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B); see also 18 U.S.C. § 3624(c)(6) (directing the BOP to issue regulations ensuring that placement in a community correctional facility is conducted in a manner consistent with § 3621(b)); 28 C.F.R. § 570.22 ("Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.").

Courts regularly make recommendations regarding prison placement and programming at the time of sentencing. However, it is unclear whether the district court has similar authority when acting on a prisoner's post-sentencing motion.[1] Some courts have issued such recommendations pursuant to § 3621(b)(4)(B) without specifically addressing this jurisdictional

---

[1] In United States v. McHugh, 528 F.3d 538, 540-41 (7th Cir. 2008), the Seventh Circuit held that another court cannot review or revise a sentencing judge's original recommendation. However, the court of appeals did not address the precise issue before me here.

2

issue. See, e.g., United States v. Qadri, No. CR 06-00469, 2017 U.S. Dist. LEXIS 38716, at *4 (D. Haw. Mar. 15, 2017); United States v. Baker, No. 3:01cr94-01, 2013 U.S. Dist. LEXIS 11418, at *1, *6 (M.D. Ala. Jan. 29, 2013); see also United States v. Bartels, No. 12-cr-20072, 2016 U.S. Dist. LEXIS 164056, at *3 (E.D. Mich. Nov. 29, 2016) (making a recommendation under § 3621(b), but acknowledging the government's view that the court could not order the BOP to take such action).

Other courts have concluded that while they cannot amend or modify the judgment, they may nevertheless issue a recommendation separate and apart from the judgment. United States v. Brattin, No. 2:13-cr-00161, 2016 U.S. Dist. LEXIS 112222, at *5-6 (D. Nev. Aug. 23, 2016); United States v. Palacios, No. 05CR2203, 2007 U.S. Dist. LEXIS 65644, at *7 (S.D. Cal. July 14, 2007); see also United States v. Booker, Criminal No. 13-3 (JRT/FLN), 2018 U.S. Dist. LEXIS 82485, at *5 (D. Minn. May 16, 2018) (finding that the court has authority to issue a non-binding recommendation, but declining to do so in that case); United States v. Collins, No. 2:15-cr-00176-7-TLN, 2018 U.S. Dist. LEXIS 35699, at *2-4 (E.D. Cal. Mar. 5, 2018) (granting such a request, without opposition by the government, under §§ 3621 & 3624); United States v. Doyle, Criminal Action No. 15-90, 2018 U.S. Dist. LEXIS 18366, at *1-2 (E.D. La. Feb. 5, 2018) (citing §§ 3621 & 3624 and granting request); United States v. Marshall, No. 2:16-CR-00096, 2018 U.S. Dist. LEXIS 10499, at *2-3 (E.D. Tenn. Jan. 23, 2018) ("The court notes the government's objection, but finds that although the court cannot order the Bureau of Prisons to transfer defendant to a halfway house, the court can make a recommendation for defendant."); United States v. Jackson, Criminal No. 16-05-05 (JDB), 2017 U.S. Dist. LEXIS 201726, at *3-5 (D.D.C. Dec. 7, 2017) (finding that § 3621 permitted a non-binding recommendation but declining to issue one in that case).

Finally, some courts have concluded that they lack authority to make recommendations after sentencing. See United States v. Green, No. 10-20096-01, 2015 U.S. Dist. LEXIS 80198, at *2 (D. Kan. June 22, 2015) ("[T]he Court does not have jurisdiction to amend defendant's sentence at this time to include a specific recommendation on placement in a residential re-entry facility."); United States v. Landers, No. 6:09-cr-0893-10, 2013 U.S. Dist. LEXIS 144450, at *3 (D.S.C. Oct. 7, 2013) ("The court is aware of no authority by which it may issue a recommendation for halfway house placement at this late stage."); see also United States v. Sanders, No. CR 13-03696 RB, 2018 U.S. Dist. LEXIS 80162, at *3-4 (D.N.M. May 9, 2018) ("[N]o comparable BOP regulation authorizes a prisoner to seek a post-sentencing recommendation as to pre-release custody when the original judgment is silent as to RRC placement."); United States v. Tipton, No. 14-20142, 2018 U.S. Dist. LEXIS 49178, at *2 (E.D. Mich. Mar. 26, 2018) ("T]he Court finds that Defendant has not shown that the Court has authority to make a judicial placement recommendation to the FBOP apart from what the court already ordered and recommended in the Judgment[.]").

In its response, the government indicates that the better reasoned cases have concluded that there is no authority to issue a recommendation post-sentencing, and that McHugh suggests there is no free floating authority to issue judicial recommendations absent a pending case or controversy. (R. 362 at 4.) Even if the court has authority, the government contends that I should decline to issue a post-sentencing recommendation, as the BOP is better positioned to make such determinations. The BOP is familiar with the offender and his adjustment in prison, his current treatment needs, the available resources, and the other relevant considerations. (R. 362 at 4-5.) By contrast, this court can only act on a case-by-case basis and has little insight to offer. The original sentencing judge in this case is retired, and

4

whatever institutional knowledge the court may have is dated and unlikely to be helpful to the BOP. (R. 362 at 5-6.) Finally, the government indicates that the court, unlike the BOP, has no special expertise in evaluating a prisoner's disciplinary record and accomplishments while incarcerated, as they bear on the question of placement. (R. 362 at 6.)

In reply, defendant contends that the court is authorized to make a recommendation after sentencing, as the court is not modifying or correcting the sentence. (R. 365 at 1.) He further argues that the court should make a recommendation here, noting the benefits to his rehabilitation. (R. 365 at 3.)

**II.**

On the issue of the court's authority, I agree with what appears to be the majority position: while the court may not modify the original judgment or otherwise order the BOP to grant pre-release time in response to a defendant's post-sentencing motion, it may issue a non-binding recommendation. Because such a recommendation is advisory only, it does not run afoul of the limitations on modifying sentences contained in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35, and because 18 U.S.C. § 3621(b) directs the BOP to consider any statement by the court that imposed the sentence – not just statements made at the time of sentencing – the court may issue such a recommendation later. Jackson, 2017 U.S. Dist. LEXIS 201726, at *4.

Nevertheless, I will decline to issue a recommendation in this case. A check of the BOP's website reveals that defendant has been moved to RRM Chicago. To the extent that the BOP has already granted defendant's request for community confinement, the instant motion is moot. Moreover, I agree with the government that I have no particular insight to offer here; defendant was sentenced years ago, by a judge now retired. Defendant appears to have

used his time in prison well, and RRC time will likely help him prepare for full release. However, the BOP is better positioned to determine the particulars of such placement.

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 360) is denied.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge